IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. CARLETON                                                    PLAINTIFF

vs.                              Civil No. 3:15-cv-03084-BAB

CAROLYN W. COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

David A. Carleton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for a

period of disability, Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  (ECF Nos. 6, 7).[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his disability applications for DIB on May 31, 2013.  (ECF No.

13, p. 13).  In his application, Plaintiff alleges being disabled due to arthritis, sciatica, acid reflux,

and depression.  (ECF No. 12, p. 211).  Plaintiff alleges an onset date of December 23, 2008.  (ECF

No. 12, p. 207).  These applications were denied initially and again upon reconsideration.  (ECF No.

12, pp. 117, 124).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript pages
for this case are referenced by the designation "ECF No. ___, p. ___."

Thereafter, Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted.  (ECF No. 12, pp. 140, 142).  Plaintiff's administrative hearing was held on May 19, 2014, in Harrison, Arkansas.  (ECF No. 12, pp. 74-115).  Plaintiff was present and was represented by Frederick Spencer.  *Id.*  Plaintiff, Plaintiff's mother Phyllis J. Carleton, and Vocational Expert ("VE") Larry Seifert testified at this hearing.  *Id.*  At this hearing, Plaintiff testified he was fifty-one (51) years old on the date last insured, which is defined as a "younger person" under 20 C.F.R. § 404.1563(e).  (ECF No. 12, p. 77).  As for his level of education, Plaintiff reported he completed ninth grade and never received a GED.  *Id.*

After this hearing, on September 2, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (ECF No. 12, pp. 60-69).  In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2011.  (ECF No. 12, p. 65, Finding 1).  The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 23, 2008, his alleged onset date.  (ECF No. 12, p. 65, Finding 2).  The ALJ determined Plaintiff had the following severe impairment: arthritis.  (ECF No. 12, p. 65, Finding 3).  Despite being severe, the ALJ determined this impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (ECF No. 12, p. 65, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC").  (ECF No. 12, pp. 65-67, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform:

light work as defined in 20 C.F.R. 404.1567(a) except he can occasionally climb,

2

balance, crawl, kneel, stoop, and crouch.

*Id*.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (ECF No. 12, p. 68, Finding 6).  The VE testified at the administrative hearing regarding this issue.  (ECF No. 12, pp. 107-14).  Based upon the testimony and considering Plaintiff's RFC, the ALJ determined Plaintiff was unable to perform any past relevant work.  (ECF No. 12, p. 68, Finding 6).  Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy Plaintiff could perform, such as a content assembler, which has a DOT code of 522.667-010, with approximately one hundred thirty-one thousand five hundred eighty-five (131,585) jobs in the national economy, and approximately one thousand five hundred seventy-seven (1,577) jobs in the state of Arkansas, as a merchandise marker, which has a DOT code of 209.587-034, with approximately two hundred twenty thousand six hundred one (220,601) jobs in the national economy, and approximately two hundred ninety two (292) jobs in the state of Arkansas, and as a clerical/office helper, which has a DOT code of 239.567-010, with approximately one hundred sixteen thousand twenty-six (116,026) jobs in the national economy, and approximately seven hundred eighty nine (789) jobs in the state of Arkansas.  (ECF No. 12, pp. 68-69).  Because jobs exist in significant numbers in the national economy which Plaintiff can perform, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from December 23, 2008, through December 31, 2011, the date last insured.  (ECF No. 12, p.692), Finding 11).

Thereafter, on September 23, 2014, Plaintiff requested a review by the Appeals Council. (ECF No. 12, pp. 57-58).  The Appeals Council denied this request on July 31, 2015.  (ECF No. 13,

3

pp. 5-9).  On September 14, 2015, Plaintiff filed the present appeal with this Court.  (ECF No. 1).
The Parties consented to the jurisdiction this Court on September 15, 2015.  (ECF No. 6).  This
case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's
findings are supported by substantial evidence on the record as a whole.  *see* 42 U.S.C. § 405(g)
(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than
a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to
support the Commissioner's decision.  *see Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record to support the Commissioner's decision,
the Court may not reverse it simply because substantial evidence exists in the record that would have
supported a contrary outcome or because the Court would have decided the case differently.  *see
Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible
to draw two inconsistent positions from the evidence and one of those positions represents the
findings of the ALJ, the decision of the ALJ must be affirmed.  *see Young v. Apfel,* 221 F.3d 1065,
1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of
proving his or her disability by establishing a physical or mental disability that lasted at least one
year and that prevents him or her from engaging in any substantial gainful activity.  *see Cox v. Apfel*,
160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A).  The Act defines a "physical or
mental impairment" as "an impairment that results from anatomical, physiological, or psychological
abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

4

techniques." 42 U.S.C. §§ 423(d)(3).  A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *see* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity ("RFC") to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform.  *see Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *see* 20 C.F.R. §§ 404.1520.

**3.    Discussion:**

In his appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ erred in failing to make a proper credibility finding as the analysis did not comply with *Polaski v. Heckler*, SSR 96-7P, and 20 C.F.R. 416.927 as the redibility finding amounted to a mere recitation of the medical evidence and Plaintiff's testimony, and ; (2) the ALJ erred in failing to find Plaintiff's lipomas and the resulting back pain and muscle spasms a severe impairment even under the "de minimus" standard established by the law, rulings, and regulations.  (ECF No. 10).

A.    **Credibility:**

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *see Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *see Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *see Id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *see Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *see Id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]."  *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

_____

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *see Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *see Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *see Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ conducted a proper credibility analysis and the ALJ's opinion in based on substantial evidence in the record. The ALJ considered the Plaintiff's activities of daily living and noted he was able to, "prepare simple meals, do light housekeeping, go outside every day, take care of his dog, drive, go out alone, shop in stores, pay bills, count change and handle bank accounts," and that the Plaintiff watched television, played computer games, and went to the car races. (ECF No. 12, p. 66). The ALJ also noted, "[i]n terms of the claimant's allegations of severe pain, he provided little evidence to support debilitating pain and impairment prior to December 31, 2011, his date last insured," and that the Plaintiff provided little evidence of medical treatment after his release from the Arkansas Department of Corrections. *Id*; *see Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (holding that lack of objective medical evidence is a factor an ALJ may consider). The record also indicates the Plaintiff's impairments were often treated conservatively and occasionally controlled by treatment or medication, such as reported by Dr. Lenihan on August 15, 2012, who stated "[w]e had given [the Plaintiff] [a] prescription of tramadol, but he did so well with injections that he did not have to take more than 2-3 the entire month." (ECF No. 12, p. 298). *see Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993) (holding that treating physician's conservative treatment was inconsistent with plaintiff's allegations of disabling pain); *see also Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir.2012) ("If an impairment can be controlled by treatment or medication, it cannot

be considered disabling.") (quoting *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir.2010)).  While the ALJ acknowledged the Plaintiff experienced pain, the ALJ found that the pain the Plaintiff experienced did not preclude the performance of substantial gainful activity.  Accordingly, I find the ALJ's opinion with regard to this issue is based on substantial evidence in the record as a whole.

### B.    Severe Impairment:

An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities.  20 C.F.R. § 404.1520(a)(4)(ii).  An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  20 C.F.R. §§ 404.1521.  The Supreme Court has adopted a "de minimis standard" with regard to the severity standard.  *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989).  "While '[s]everity is not an onerous requirement for the claimant to meet . . . it is also not a toothless standard.'"  *Wright v. Clovin*, 789 F.3d 847, 855 (8th Cir. 2015) (quoting *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007).

Plaintiff specifically contends the ALJ erred in failing to find Plaintiff's lipomas and the resulting back pain and muscle spasms a severe impairment.  The ALJ's opinion is based on substantial evidence in the record and Plaintiff's argument is without merit.  Plaintiff asks this Court to consider the records of Dr. Brian Lenihan from November of 2012, approximately eleven months after Plaintiff's date last insured.  Dr. Lenihan noted Plaintiff "has [a] long history of lipomas in [his] lower back and had several surgically removed in the past. (ECF No. 12, p. 296).  Although Plaintiff stated his pain was "barely controlled with current pain medication regimine [sic]," the Plaintiff reported his pain at a two on a ten point scale, and Dr. Lenihan reported, "[h]e tends to do will with

trigger points around his paraspinal muscles for several months at a time," and Plaintiff "wishes to have no surgery and does not want pain medications." *Id.* at 295. Dr. Lenihan further noted Plaintiff was able to perform functional and instrumental activities of daily living "with minimal pain." *Id.* The record also contains evidence of Plaintiff's past surgical history where he had lipomas on his back before which were removed in 1998, a full ten years before Plaintiff's alleged onset date. (ECF No. 12, p. 311). Plaintiff was diagnosed with a lipoma on October 20, 2011, at the Mountain Home Christian Clinic, but the treatment plan in the record indicates Plaintiff was given Nexium, for gastroesophageal reflux disease ("GERD"), and Flonase, for nasal congestion, and no medication or treatment for the lipoma. The conservative treatment offered by the Mountain Home Christian Clinic and Dr. Lenihan are inconsistent with Plaintiff's allegations of disabling pain. Accordingly, I find the ALJ's opinion with regard to this issue is based on substantial evidence in the record as a whole.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

        **ENTERED this 6th day of December 2016.**

                                                    /s/  Barry A. Bryant
                                                    HON. BARRY A. BRYANT
                                                    U. S. MAGISTRATE JUDGE